IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL STORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 15-684 |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of May, 2016, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on December 22, 2011, alleging disability beginning on January 28, 2008, due to spinal surgery, J-pouch surgery and ulcerative colitis. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on August 20, 2013, at which plaintiff appeared and testified while represented by a non-attorney representative. On November 18, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 25, 2015, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 50 years old on his date last insured for DIB purposes, and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d). Plaintiff has past relevant work experience as a carpenter and a painter's helper, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of ulcerative colitis with J-pouch surgery and a history of a spinal fusion; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform light work with a sit/stand option every hour and a number of additional limitations. Plaintiff is

restricted to lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, and he can occasionally climb ramps and stairs, but he is unable to climb ladders, ropes or scaffolds. In addition, plaintiff can frequently balance and occasionally stoop, kneel, crouch and crawl. Further, plaintiff is restricted to understanding, remembering and carrying out simple instructions and making judgments on simple work related decisions. Finally, plaintiff is capable of interacting appropriately with supervisors and co-workers in a routine work setting and he is able to respond to usual work situations and changes in a routine work setting (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a packer, sorter/grader or assembly worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5)

if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence because the ALJ failed to properly consider and weigh an opinion issued by Jennifer Darkowski, a physician's assistant who treated plaintiff on several occasions. For reasons explained below, this claimed error is without merit.

Ms. Darkowski completed two questionnaires related to plaintiff's physical residual functional capacity. (R. 498-501, 509-512). According to Ms. Darkowski, plaintiff was incapable of performing even low stress work, he could only sit, stand and walk 2 hours during an 8-hour workday and she predicted that he would miss work more than four days per month. (R. 499, 501, 510, 512). Ms. Darkowski indicated that plaintiff's limitations began "prior to seeing [her]." (R. 501, 512).

In assessing opinion evidence, the ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. 20 C.F.R. §404.1513(a). The ALJ also may consider evidence about a claimant's impairments and ability to work from other sources who are not deemed an "acceptable medical source," such as a physician's assistant like Ms. Darkowski. 20 C.F.R. §404.1513(d)(1).

Social Security Ruling ("SSR") 06-03p clarifies how opinions from sources who are not

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

"acceptable medical sources" should be considered. See SSR 06–03p, 2006 WL 2329939, at *1. SSR 06-03p explains that opinions from treatment providers who are not "acceptable medical sources" may be used to show the severity of an impairment and how it affects an individual's ability to function. Id. at *2. When evaluating evidence from these sources, the Ruling suggests consideration of the same factors as are used to evaluate evidence from acceptable medical sources, including the following: the nature and extent of the relationship between the source and the individual; how well the source explains the opinion; the source's area of specialty or expertise; the degree to which the source presents relevant evidence to support her opinion; whether the opinion is consistent with other evidence; and any other factors that tend to support or refute the opinion. Id. at **4-5. SSR 06-03p also explains that "[n]ot every factor for weighing opinion evidence will apply in every case," id. at *5, but the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a . . . subsequent reviewer to follow the [ALJ's] reasoning . . . ." Id. at *6.

Here, although the ALJ did not specifically cite SSR 06-03p, the ALJ's decision makes clear that she considered and evaluated Ms. Darkowski's opinion as required by that Ruling. After first noting that Ms. Darkowski is not an "acceptable medical source", the ALJ nonetheless evaluated the opinion she offered and concluded it was entitled to little weight. (R. 84-85). The ALJ based her determination on the following factors: (1) Ms. Darkowski's opinion was inconsistent with other medical evidence which the ALJ identified by extensive citation to the record; and (2) Ms. Darkowski's opinion regarding plaintiff's limitations applied prior to the time period she treated plaintiff, which the ALJ found undermined its validity. (R. 84).

Not only did the ALJ consider Ms. Darkowski's opinion as required by SSR 06-03p and

specify that it was entitled to little weight, the ALJ also provided sufficient explanation to ensure that a subsequent reviewer could follow her reasoning. For these reasons, we find no error in the ALJ's consideration and evaluation of Ms. Darkowski's opinion.

In sum, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Robert W. Gillikin, Esq.
Rutter Mills, LLP
160 W. Brambleton Ave.
Norfolk, VA 23510

Colin Callahan
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219